Haheis, J.,
delivered the opinion of the Court.
This bill is brought in the - Chancery Court at Gal-latin, by the complainant, to have her right declared to a house and lot in the town of Gallatin, which she charges were devised to her by the second item in the will of her late husband, William M. Blackmore, deceased, and which is claimed by the defendant, *367 James Blackmore, an infant son of the testator, who insists they were devised to him under the third item in said will. The rents and profits of which, he, by his guardians, Guild and Blackmore, has been receiving since the death of his testator.
The bill prays for a construction of the will — that her right to said house and lot be declared — that the defendant be ordered by a decree to surrender the possession of the same to her, and for an account of rents and profits. The rights of the parties depend upon the construction of the second and third items in said will, which read as follows: “ I give and bequeath to my beloved wife, Catherine Ophelia Black-more, my dwelling house and lots in the town of Gal-latin, with such of the furniture as she may wish to keep; and also, negro boy, Henry, given her by her father; and girl, Eliza, and her child or children; carriage now being made by Williamson & Co., and best pair of horses I may have at my decease, to be hers absolutely.”
Third item. “I give ami bequeath the entire balance of my estate to my son James Blackmore, personal, real and mixed of every kind.”
Subsequently, by a codicil to his will, he gives complainant another negro man and two hundred dollars in cash.
It. appears in the proof that. at the time of making said will, and at the time of his death, testator was the owner of the family residence, embracing three lots, on which they lived, in the town of Gallatin, and also of a house and lot on the north-east of the public square in said town, which was, about the time oí *368 making the will, rented out as a confectionery establishment, wholly disconnected with the lots upon which was situated the family residence, and which is the subject now in litigation. There is also proof to shew, that in listing this property for taxation, testator described it as two lots, treating the lot upon which his residence stood as one lot, although it was composed originally of three lots or parts of lots. In construing the second bequest in the will, in the light of the existing circumstances at the time it was made, his Honor, the Chancellor, declared, that by the words, “ my dwelling house and lots in the town of Gallatin, it was the intention of the testator to give to complainant, not only the dwelling house and lots upon which it was situated, but also, the brick house and lot on the north-east of the square, now in controversy.
In this construction we cannot concur.
If such had been his purpose, how easy would it have been, and equally natural, to have said — all my houses and lots in the town of Gallatin — as these embrace all the real estate he then owned in said town. Or, would he not, after using the words, “ my dwelling house and lots,” (which would be understood to imply the lots upon which the residence was situated,) have also added, my brick house and lot on the north-east side of the square. But such, we think, was not his intention. He designed to give complainant his dwelling house and the lot upon which it was situated, but recollecting that the lot was composed of what was originally three lots or parts of lots, to avoid any doubt or controversy upon the *369 subject, he uses the plural number, so as to embrace the entire grounds occupied as his residence. From this view of the subject, it results, that the decree of the Chancellor must be reversed, and the bill dismissed.; but, as there is some ambiguity in the will, and it was impoi’tant to both parties to have a construction placed upon it, the entire costs will be equally divided.